IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS and<br>SANOFI-AVENTIS U.S. LLC,<br><br>      Plaintiffs,<br><br>      v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>      Defendants. | )<br>)<br>)<br>)  C.A. No. 07-792 (GMS)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OPENING BRIEF IN SUPPORT OF
ITS MOTION TO ENJOIN THE PARTIES FROM PROSECUTING SECOND FILED,
<u>DUPLICATIVE LITIGATION</u>**

OF COUNSEL:

Robert B. Breisblatt
Steven E. Feldman
Sherry L. Rollo
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500

Dated: March 24, 2008
856822 / 32533

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Counsel for Defendants
Apotex Inc. and Apotex Corp.*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

ARGUMENT ............................................................................................................................ 2

    I.    THE FLORIDA COURT PROPERLY APPLIED THE HATCH-WAXMAN ACT'S DIRECTIVE THAT GENERIC DRUG CASES PROCEED EXPEDITIOUSLY, AND THIS COURT SHOULD NOT INTERFERE WITH THE FLORIDA COURT'S SCHEDULING ORDER ..........................................2

    II.    SANOFI SUED APOTEX IN FLORIDA OF ITS OWN VOLITION, AND THERE IS NO AUTHORITY FOR ENJOINING A DEFENDANT FROM DEFENDING ITSELF AGAINST A LAWSUIT BROUGHT BY A PLAINTIFF IN A SECOND FORUM. .......................................................................... 4

CONCLUSION ......................................................................................................................... 8

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

ARGUMENT ............................................................................................................................ 2

    I.    THE FLORIDA COURT PROPERLY APPLIED THE HATCH-WAXMAN ACT'S DIRECTIVE THAT GENERIC DRUG CASES PROCEED EXPEDITIOUSLY, AND THIS COURT SHOULD NOT INTERFERE WITH THE FLORIDA COURT'S SCHEDULING ORDER ..........................................2

    II.    SANOFI SUED APOTEX IN FLORIDA OF ITS OWN VOLITION, AND THERE IS NO AUTHORITY FOR ENJOINING A DEFENDANT FROM DEFENDING ITSELF AGAINST A LAWSUIT BROUGHT BY A PLAINTIFF IN A SECOND FORUM. .......................................................................... 4

CONCLUSION ......................................................................................................................... 8

## TABLE OF AUTHORITIES

### CASES

*Aventis Pharma Deutschland GMBH v. Lupin Ltd*,
   403 F. Supp. 2d 484 (E.D. Va. 2005) .................................................................... 5, 7

*Bamdad Mechanics Co. Ltd. v. United Technologies Corp.*,
   109 F.R.D. 128 (D. Del 1985) ................................................................................ 5, 6

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
   402 U.S. 313 (1971) ................................................................................................... 6

*Boehringer Ingelheim Corp. v. Shalala*,
   993 F. Supp. 1 (D.D.C. 1997) .................................................................................... 4

*Crosley Corp. v. Hazeltine Corp.*,
   122 F.2d 925 (3d Cir. 1941) ....................................................................................... 7

*Employers Reins. Corp. v. MSK Ins., Ltd.*,
   No. Civ. 01-2608-CM,
   2003 WL 21143105 (D. Kan. Mar. 31, 2003) ........................................................... 7

*Genentech Inc. v. Eli Lilly & Co.*,
   998 F.2d 931 (Fed. Cir. 1993) .................................................................................... 7

*Kerotest Mfg. Co. v. Two Fire Equip. Co.*,
   342 U.S. 180 (1952) .................................................................................................... 6

*Laboratory Corp. of America Holdings v. Chiron Corp.*,
   384 F.3d 1326 (Fed. Cir. 2004) .................................................................................. 7

*Schering Corp. v. Sullivan*,
   782 F. Supp. 645 (D.D.C. 1992) ................................................................................. 4

*Serco Serv. Co., LP. v. Kelley Co., Inc.*,
   51 F.3d 1037 (Fed. Cir. 1995) .................................................................................... 7

*Triangle Conduit & Cable Co. v. National Elec. Prods. Corp.*,
   125 F.2d 1008 (3d Cir. 1942) ..................................................................................... 7

### STATUTES

28 U.S.C. §1407 ................................................................................................................ 1, 2

### OTHER AUTHORITIES

11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §2942,
   at 372 (2008) ........................................................................................................ 2, 3, 4

Plaintiffs' belated and unprecedented motion asking this Court to enjoin Apotex from defending itself in the lawsuit that Sanofi brought against it in Florida should be denied. Sanofi cites no authority, and Apotex is aware of none, that stands for the proposition that a plaintiff can prevent a defendant from defending itself in a second forum where the plaintiff also sued it. Nor does Sanofi explain why it waited several months, while the Florida case proceeded, before moving for this extraordinary relief.

Sanofi's motion attacks the Florida Court's scheduling order and its ability to manage its own docket in a case that has been pending for several months and already is well under way. The Florida Court, having been fully apprised of the proceedings in this Court, has entered and maintained a detailed Scheduling Order with mandatory deadlines for discovery and dispositive motions in August, 2008. Trial in Florida is scheduled for October, 2008.

This schedule is too rapid for Sanofi's taste. If Apotex prevails at trial in Florida, Sanofi stands to lose its monopoly on the market for the drug at issue here, Uroxatral, months if not years before that result could obtain here. That, not any professed concern for conservation of judicial resources or fairness to the other defendants in Delaware, is why Sanofi is so adamantly opposed to the Florida case proceeding. Injunctive relief should not issue from this Court to slow things down and help Sanofi preserve its unwarranted monopoly.

Sanofi's motion also should be denied in favor of letting the JPML decide whether the Florida case should be consolidated or transferred to a different venue. Last month Sanofi filed a 28 U.S.C. §1407 transfer motion with the Judicial Panel on Multidistrict Litigation to consolidate all of the alfuzosin litigations before a single court for discovery. Sanofi should not even have asked this Court to expend its resources to attempt to prejudge the outcome of Sanofi's §1407 transfer motion – indeed, if the cases are consolidated they might very well be sent down to

Florida, a result that Apotex has requested if the cases are to be consolidated. The MDL rules specifically provide that cases are to **proceed** (not be enjoined) while a transfer motion is pending. *See* JPML Rule 1.5 ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1407 **does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending** and does not in any way limit the pretrial jurisdiction of that court.") (emphasis added). Therefore, this Court should reject Sanofi's attempt to have this Court enjoin the Florida case while Sanofi's §1407 motion is *sub judice*.

## ARGUMENT

I. **THE FLORIDA COURT PROPERLY APPLIED THE HATCH-WAXMAN ACT'S DIRECTIVE THAT GENERIC DRUG CASES PROCEED EXPEDITIOUSLY, AND THIS COURT SHOULD NOT INTERFERE WITH THE FLORIDA COURT'S SCHEDULING ORDER.**

Sanofi's proposed injunction, if granted, would require the parties to violate the Florida Court's Scheduling Order. Traditional principles of comity and judicial restraint counsel that this Court not interfere with the Florida Court's progress or put Apotex in the untenable position of trying to comply with inconsistent orders from the two Courts – the Florida Court saying "go" and this Court saying "stop." As Wright & Miller explain:

> One of the most important limitations on the equitable power of the federal courts often comes into operation when plaintiff seeks to enjoin parties from proceeding in another action. When the action sought to be halted is in a federal court, it is argued that even though the order would be directed toward the parties, in effect it acts to restrain the other court and therefore represents an interference with the jurisdiction of another tribunal. **Accordingly, if the party seeking the injunction could raise the same issues in the other proceeding, the court typically will take the position that the party has an adequate alternative remedy and does not need injunctive relief.**

2

11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §2942, at 372 (2008)(emphasis added).

Here, Sanofi can and has raised these same arguments in the Florida court, having filed a spate of motions and other papers in Florida seeking to stay or otherwise avoid complying with the Florida Court's Scheduling Order (Fla. Dkt. 5, 8, 12, 30, 32 and 44). Despite Sanofi's filings and other protestations, **the Florida Court has maintained its schedule.**[1] *E.g.*, Fla. Dkt. 23 (Revised Scheduling Order setting October, 2008 trial date); Fla. Dkt. 36 (Order denying Sanofi's motion to file Scheduling Order as moot in light of the Court's own scheduling order); Fla. Dkt. 48 (denying Sanofi's emergency motion for a stay of proceedings)). Discovery in Florida is progressing (despite Sanofi's foot-dragging) and the Florida Court already has devoted substantial resources to the case, having entered a Protective Order governing discovery and decided several other motions. (Fla. Dkt. 76). As the Florida Magistrate Judge commented in granting Apotex's Motion for a Protective Order to govern discovery (over Sanofi's objections), "Sanofi was scheduled to begin producing documents on February 18, 2008, and the discovery deadlines and trial dates are approaching rapidly." (Fla. Dkt. 51 at 4). Continuing with the pretrial activities in Florida, many of which already are in progress, will not waste judicial resources and will not result in duplicative discovery in the other alfuzosin cases that are pending here. To the contrary, any discovery in this case will be conducted regardless of what district this matter proceeds in. To the extent that any other pretrial activities or rulings occur, this or any other court presiding over the matter will benefit from the work already done on those issues

---

[1] In several pleadings, Sanofi has misleadingly represented to this Court that no Rule 16 conference had yet taken place in order to argue that the Florida case was still in its infancy. However, the Florida Court expressly determined that there was no need for the parties to submit proposed scheduling orders to hold a scheduling conference, finding such actions were "moot" in light of its scheduling order. (Fla. Dkt. 36.)

3

in Florida. And the rulings in the Florida Court will help to narrow if not resolve the issues remaining to everyone's benefit.

The Florida Court's decision to proceed is a proper application of the Hatch Waxman Act, one of the primary purposes of which is to resolve generic drug cases quickly so that the public can expeditiously gain the benefit of less expensive generic drugs where, as here, the patent blocking such access is invalid or not infringed. *Boehringer Ingelheim Corp. v. Shalala*, 993 F. Supp. 1, 3 (D.D.C. 1997) (recognizing the public's well-recognized interest in "receiving generic competition to brand-name drugs as soon as possible."); *Schering Corp. v. Sullivan*, 782 F. Supp. 645, 652 (D.D.C. 1992) (stating "delay in the marketing of [the generic] drug could easily be against the public interest in reduced prices"). In short, because Florida can resolve this dispute faster, with concomitant benefit to the public and to Sanofi's generic competitors, the Florida case should proceed in favor of this one.[2]

## II. SANOFI SUED APOTEX IN FLORIDA OF ITS OWN VOLITION, AND THERE IS NO AUTHORITY FOR ENJOINING A DEFENDANT FROM DEFENDING ITSELF AGAINST A LAWSUIT BROUGHT BY A PLAINTIFF IN A SECOND FORUM.

Contrary to Sanofi's arguments, Apotex did not force Sanofi to sue it in Florida. Sanofi chose Florida as a viable forum to litigate this lawsuit. Sanofi's contention that this lawsuit was only filed as a protective measure because it feared the Delaware action would be dismissed for lack of personal jurisdiction is as irrelevant and factually questionable. Sanofi had 45 days in

---

[2] Wright & Miller mention harassment and convenience where one venue can decide an entire claim and the other jurisdiction can only decide a portion of claim or grant partial relief as possible reasons for granting an injunction. 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §2942, at 372) ("On the other hand, if it can be shown that the other action was instituted for harassment purposes or that the balance of convenience favors deciding the entire controversy in the court that is asked to restrain the parties in the other proceeding, an injunction properly may be granted."). But neither of those situations are present here. There is no issue of harassment, and the entire dispute between Sanofi and Apotex can be decided either in Florida or in Delaware – indeed as explained herein and in Apotex's motion to transfer venue, Florida is a more convenient and appropriate venue for resolving this dispute.

4

which to sue Apotex after receiving Apotex's Paragraph IV certification letter. If Sanofi really were concerned about jurisdiction in Delaware, it could have sued Apotex here anytime during the first 24 days of that 45 day period, and still had sufficient time to file suit in Florida after Apotex, Inc. answered, if Apotex, Inc. had challenged personal jurisdiction. Further, any concerns that Sanofi might have had about jurisdiction attaching in Delaware only serve to demonstrate that Florida is a more convenient and appropriate forum for this action. *Aventis Pharma Deutschland GMBH v. Lupin Ltd,* 403 F. Supp. 2d 484, 490 (E.D. Va. 2005) ("If the Maryland forum is in any way questionable in order to necessitate a "protective filing" as Plaintiffs maintain, then this Court is clearly the better forum, as all of the parties agree that both jurisdiction and venue lie here.").

      Sanofi places undue reliance on the first-filed rule as supporting an injunction. As noted above, that rule has never been applied in situation such as this, where the plaintiff filed suit in two forums, and sought to enjoin a defendant from defending itself in one of those forums. The most Sanofi can muster is *Bamdad Mechanics Co. v. United Technologies Corp.,* 109 F.R.D. 128 (D. Del 1985). But in that case, the plaintiff was enjoined from proceeding in two different forums, where, because of a statute of limitations issue, there was a strong potential for inconsistent results. In essence, if the case proceeded in the first filed forum, it was barred. If it proceeded in the second forum it was not. The facts here are not analogous. Here, Sanofi is trying to prevent Apotex from defending itself in a case that Sanofi itself brought. This is not a case where a defendant, who has no choice in the matter, is unfairly being forced to litigate in two jurisdictions simultaneously and the equities might weigh in favor of protecting that party. Here, Sanofi initiated both lawsuits in two different forums. By filing the second lawsuit in

Southern District of Florida, and availing itself of that forum, Sanofi accepted the possibility of having to litigate this case in Florida.

Unlike *Bamdad*, here there is no danger of inconsistent decisions. Whatever the results of the Florida trial in October, they will be binding on the parties in Delaware (to the extent that this Delaware case is not transferred down to Florida outright, as Apotex has requested). The other cases pending in Delaware similarly will benefit from the Florida decision, without the parties having to engage in substantial discovery or litigation expense. For example, if Apotex prevails and the Sanofi patents are held invalid, the patents will be invalid as to all parties. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971) (holding that a patentee whose patent is held invalid in its suit against one alleged infringer is collaterally estopped from asserting the validity of the patent in a suit against a different alleged infringer). Thus, this Court and the other Delaware Defendants would benefit from a favorable outcome without expending significant resources. Even if the results are favorable to Sanofi, the defendants and this Court will have the benefit of Judge Moreno's views on the case to guide them in the litigation.

The first-filed rule also is not mandatory. As the Supreme Court recognized, it is equitable in nature, and must be analyzed on a case by case basis. *Kerotest Mfg. Co. v. Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. The factors relevant to wise administration here are equitable in nature."). Several cases (discussed in detail in the briefing concerning Apotex's Motion to Stay or Transfer (Dkt. 11 (pp. 10-13); Dkt. 18 (pp. 5-7)) have held that the first-filed rule does not apply in circumstances such as this, when a plaintiff chooses to file two identical

6

lawsuits against the **same** party in two different forums. *Aventis*, 403 F. Supp.2d at 489 (E.D. Va. 2005) (explaining that the first-filed rule does not apply where the "Plaintiffs filed the same case against the same Defendants in two different courts."); *Employers Reins. Corp. v. MSK Ins., Ltd.*, No. Civ. 01-2608-CM, 2003 WL 21143105, at *6 (D. Kan. Mar. 31, 2003) (declining to apply first-to-file rule, noting rule applies to "*party* who files first"); *see also Adams Resp. Therap. v. Mutual Pharm. Holdings*, No. 2:06-CV-04700-HAA-ES (D.N.J.) Dkt. No. 14, Nov. 16, 2006 Order at 2) (D.I. 11, Ex. D).

Rather, the first-filed rule most often applies to situations where two opposing parties race to different courthouses to file suits against each other, a situation not present here, but present in most of the cases that Sanofi cites. *See, e.g., Serco Serv. Co., LP. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995); *Aventis*, 403 F. Supp. 2d at 489-90 (E.D. Va. 2005). For example, in *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941), Crosley filed a declaratory judgment for non-infringement against Hazeltine. Seventeen days later, Hazeltine filed a lawsuit against Crosley in a different jurisdiction seeking a decree that Crosley had infringed 15 of the patents involved in the declaratory judgment suit. The other cases cited by Sanofi, such as *Triangle Conduit & Cable Co. v. National Elec. Prods.*, 125 F.2d 1008 (3d Cir. 1942), *Laboratory Corp. of America Holdings v. Chiron Corp.*, 384 F.3d 1326 (Fed. Cir. 2004), and *Genentech Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993), similarly are not on point because they involve competing suits brought by the patentee and an infringer seeking a declaratory judgment, not two suits brought by the same plaintiff in different forums. The equitable considerations raised in those cases are nothing like the issues here where a defendant's right to defend itself, expeditious resolution of a Hatch-Waxman generic drug litigation and the

interests of the public in obtaining the benefit of low cost generic drugs all favor denying an injunction.

## CONCLUSION

For the foregoing reasons, Sanofi's motion for an injunction should be denied together with such other relief as is just and proper under the circumstances.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert B. Breisblatt
Steven E. Feldman
Sherry L. Rollo
WELSH & KATZ, LTD.
120 S. Riverside Plaza, 22nd Floor
Chicago, IL  60606
Tel:  (312) 655-1500

Dated:  March 24, 2008
856822 / 32533

By: /s/ Richard L. Horwitz
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   P.O. Box 951
   Wilmington, DE 19801
   (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Counsel for Defendants*
*Apotex Inc. and Apotex Corp.*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 24, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on March 24, 2008, the attached document was Electronically Mailed to the following person(s):

Jack B. Blumenfeld
Maryellen Noreika
James W. Parrett
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com

John M. Desmarais
Gerald J. Flattmann, Jr.
Alexis Gorton
William T. Vuk
Kathryn M. Liberatore
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022
jdesmarais@kirkland.com
gflattmann@kirkland.com
agorton@kirkland.com
wvuk@kirkland.com
kliberatore@kirkland.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

840408 / 32533